# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Raymond Glasper,<br><br>        Plaintiff<br>v.<br><br>Warden Reubart, et al.,<br><br>        Defendants | Case No. 2:24-cv-01606-JAD-EJY<br><br>**Order Dismissing Petition, Denying Motion, and Closing Case**<br><br>ECF Nos. 1, 2 |

Petitioner Raymond Glasper, a Nevada state prisoner in custody at the Southern Desert Correctional Center, has filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] Unfortunately, Glasper has not filed a complete application to proceed *in forma pauperis* or paid the filing fee because, although he filed an application, he did not include a signed financial certificate or inmate account statement. As a result, this case has been improperly commenced.

For this reason, IT IS ORDERED that **this action is DISMISSED** without prejudice[2] to the petitioner's ability to file a **new** habeas petition in a **new** action with either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate.

---

[1] ECF No. 1-1.

[2] It does not appear that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a new action filed in a timely manner after petitioner has exhausted all available state remedies. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely filed federal habeas action.

IT IS FURTHER ORDERED that the incomplete application to proceed *in forma pauperis* **[ECF No. 1] is DENIED**, and his ex parte motion for appointment of counsel **[ECF No. 2] is DENIED** as moot.

IT IS FURTHER ORDERED that **a certificate of appealability is denied** because jurists of reason would not find the court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
September 27, 2024