UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Raymond Glasper,<br><br>  Petitioner<br><br>v.<br><br>Warden Reubart, *et al.*,<br><br>  Respondents | Case No.: 2:24-cv-01606-JAD-EJY<br><br>**Order Granting Motion to Reopen Case, Granting Application to Proceed *In Forma Pauperis*, Directing Service of Petition, and Denying Motion for Appointment of Counsel**<br><br>[ECF Nos. 6, 7, 9] |

In his *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus, Raymond Glasper challenges his Eighth Judicial District Court (Clark County, Nevada) conviction by guilty plea of voluntary manslaughter, alleging that his counsel was ineffective.[1] Because Glasper did not file a complete application to proceed *in forma pauperis* (ifp) or pay the filing fee, I dismissed this action without prejudice as improperly commenced.[2] Glasper was instructed that if he wanted to seek federal habeas relief he would have to file a new habeas petition in a new action. Instead, Glasper filed a petition, a new application to proceed ifp (this time with a completed financial certificate), and a motion for appointment of counsel in this closed case.[3] He then filed a motion to reopen this case.[4] He explained that he was unaware that he had to provide the financial certificate until he received the order dismissing this case.

Glasper should have filed a new habeas petition with a new case number. However, he promptly attempted to correct the deficiencies in the filings in this action. On these specific

---

[1] ECF No. 8.
[2] ECF No. 4.
[3] ECF Nos. 6, 7, 9.
[4] ECF No. 9.

facts, and in the interest of judicial efficiency, I grant the motion and reopen this case. Glasper's new ifp application is also granted. Having completed a preliminary review of the petition under Habeas Rule 4,[5] I direct the Clerk of Court to docket it[6] and serve it on respondents.

Glasper has also filed a motion for appointment of counsel.[7] There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[8] The decision to appoint counsel is generally discretionary.[9] However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.[10] Here, Glasper pleaded guilty to voluntary manslaughter. He alleges that counsel was ineffective for failing to investigate a witness and for failing to advise him of his appellate rights. The legal issues Glasper raises do not appear to be complex. I thus conclude that counsel is not warranted, and I deny Glasper's motion for counsel.

IT IS THEREFORE ORDERED that petitioner's motion to reopen case **[ECF No. 9] is GRANTED**. The order dismissing this case **[ECF No. 4] is VACATED**.

IT IS FURTHER ORDERED that the motion for leave to proceed *in forma pauperis* **[ECF No. 7] is GRANTED**, but the motion to appoint counsel **[ECF No. 6] is DENIED.**

---

[5] A district court may "apply any or all of" the Rules Governing Section 2254 Cases in the United States District Court to any habeas petition. *See* Rule 1(b).

[6] Because a petition for federal habeas corpus should include all claims for relief of which petitioner is aware, failure to include such a claim in a petition may result in it being forever barred. *See* 28 U.S.C. § 2244(b) (successive petitions).

[7] ECF No. 6.

[8] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[9] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

[10] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

IT IS FURTHER ORDERED that **the Clerk of Court is directed to**:

- **REOPEN** this case;

- **ELECTRONICALLY SERVE** the petition [ECF No. 8] on respondents; and

- **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

IT IS FURTHER ORDERED that respondents must file a response to the petition within **90 days of service of the petition. Petitioner will then have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.** Any other motions will be subject to the normal briefing schedule under the local rules.

If respondents file a response to the petition, they must comply with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

2. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in

*Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondents must file a set of state-court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that, at this time, the parties must send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

_____
U.S. District Judge Jennifer A. Dorsey
July 14, 2025