UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Raymond Gasper, aka Raymond Bernie Glasper II,<br><br>Petitioner<br><br>v.<br><br>Manuel Portillo, *et al.*,<br><br>Respondents | Case No.: 2:24-cv-01606-JAD-EJY<br><br>**Order Granting Motion to Dismiss and Dismissing Action**<br><br>**(ECF No. 15)** |

Raymond Gasper, an individual incarcerated at Nevada's Southern Desert Correctional Center, petitions *pro se* for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents move to dismiss, asserting that all Gasper's claims are unexhausted in state court, and that one of his claims is wholly conclusory. Gasper did not respond to the motion to dismiss. Determining that the motion is meritorious, I grant it and dismiss this action.

**Background**

Gasper was charged by grand jury indictment with murder with use of a deadly weapon and preventing or dissuading a witness from testifying or producing evidence.[1] The charges resulted from a shooting in Las Vegas on August 10, 2022; Gasper shot an individual named Dennis Harris with a .410 shotgun, killing him, when he learned that his girlfriend, Cassiti Manos, was ending their dating relationship and forming a friendship with Harris.[2]

Gasper entered into a guilty plea agreement and pled guilty in Nevada's Eighth Judicial District Court (Clark County), under *North Carolina v. Alford*, 400 U.S. 25 (1970), to voluntary

---

[1] ECF No. 13-3.

[2] *See* ECF No. 13-2 (grand jury transcript).

manslaughter with use of a deadly weapon.[3] He was sentenced to an aggregate of twenty years in prison, with parole possible after eight years,[4] and he did not pursue a direct appeal.

Gasper filed a *pro se* petition for writ of habeas corpus in state court.[5] The district court denied the petition.[6] Gasper appealed, and the Nevada Court of Appeals affirmed.[7]

Then, Gasper filed in state court a petition to establish factual innocence under NRS 34.900–990.[8] The district court denied the petition.[9] Gasper appealed, and on October 7, 2025, the Nevada Court of Appeals reversed and remanded, instructing the district court to dismiss Gasper's petition without prejudice instead of denying it.[10]

Gasper initiated this federal habeas corpus action on August 29, 2024.[11] The case proceeded after the matter of payment of the filing fee was resolved.[12] Gasper's operative habeas petition, filed on October 11, 2024,[13] asserts three violations of his federal constitutional rights:

> Ground 1: Gasper's trial counsel failed to inform him of his right to appeal.
>
> Ground 2: Gasper's trial counsel failed to investigate an important witness, who allegedly would have said that Manos was lying.

---

[3] ECF Nos. 13-9, 13-10, 13-11.
[4] ECF No. 13-12 (Judgment of Conviction, filed January 20, 2023).
[5] ECF No. 13-14.
[6] ECF No. 13-39.
[7] ECF No. 14-5.
[8] ECF No. 14-8.
[9] ECF No. 14-10.
[10] ECF No. 14-21.
[11] ECF No. 1.
[12] *See* ECF No. 10.
[13] ECF No. 8.

   Ground 3: Gasper's trial counsel "was ineffective when the imprisonment was at first lawful, yet by some act[,] omission or event which [took] place afterwards the petitioner has become entitled to be discharged."

Respondents filed their motion to dismiss on October 14, 2025.[14] Gasper did not respond. Gasper's failure to respond to the motion to dismiss is reason enough to grant the motion.[15] But I have also examined the motion to dismiss and the state court record, and I conclude that the motion is meritorious and that this action must be dismissed because all of Gasper's claims are unexhausted in state court and his claim in Ground 3 is conclusory.

## Analysis

A federal court cannot grant a state prisoner's petition for writ of habeas corpus unless the petitioner has exhausted available state remedies for all the claims in the petition.[16] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[17] To properly exhaust a claim, a habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[18] The petitioner must "fairly present" the claim in the state courts, and "fair presentation requires that a state's highest court has a 'fair opportunity to consider [an appellant's constitutional claim] and to correct that asserted constitutional

---

[14] ECF No. 15.

[15] *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

[16] 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982).

[17] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[18] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

defect.'"[19]  This means that claims presented in state court in a procedurally improper manner, such that the state court did not have a fair opportunity to consider the merit of the claims, remain unexhausted.[20]

Gasper did not, on the appeal in his state habeas action, assert any of the three claims he asserts in his petition in this case.[21]  And at any rate, in its order on that appeal, the Nevada Court of Appeals stated that "the claim Gasper argues on appeal was not raised and considered below" and, therefore, that court "decline[d] to consider it on appeal in the first instance."[22]  So, in his state habeas action, Gasper did not present any claim to the state appellate court in a procedurally proper manner, and, therefore, did not exhaust any claim for habeas relief.

Nor did Gasper exhaust any claim for habeas relief on his petition to establish factual innocence.  The Nevada Court of Appeals reversed and remanded the district court's denial of that petition because the district court found that Gasper did not satisfy statutory pleading requirements for such a petition but denied the petition instead of dismissing it.[23]  So, the record reflects that Gasper has not exhausted in state court any of the claims he asserts in his petition in this case—in fact, it appears he has not exhausted any claim at all.

Respondents also point out the obvious defect of Ground 3 of Gasper's petition: Gasper does not allege any specific facts in support of the claim, and it is wholly conclusory.  Gasper's claim in Ground 3, in its entirety, is this:

---

[19] *Lounsbury v. Thompson*, 374 F.3d 785, 787–88 (9th Cir. 2004) (quoting *Peterson*, 319 F.3d at 1155).

[20] *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

[21] *Compare* ECF No. 8 (Gasper's petition in this case) *with* ECF No. 14-1 (Gasper's brief on the appeal in his state habeas action).

[22] ECF No. 14-5 at 2.

[23] ECF No. 14-21.

4

Counsel was ineffective when the imprisonment was at first lawful, yet by some act[,] omission or event which [took] place afterwards the petitioner has become entitled to be discharged.[24]

In a federal habeas petition, the petitioner must state the facts supporting each ground for relief.[25] "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."[26] The claim in Ground 3 is plainly conclusory, without support by any factual allegations. So I dismiss that claim for this additional reason.

## Conclusion

IT IS THEREFORE ORDERED that **Respondents' Motion to Dismiss (ECF No. 15) is GRANTED. This action is dismissed without prejudice**. Because reasonable jurists would not find this order debatable or wrong, I decline to issue a certificate of appealability. The Clerk of Court is kindly directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

IT IS FURTHER ORDERED that, under Federal Rule of Civil Procedure 25(d), Manuel Portillo is substituted for Ronald Oliver as the respondent warden. The Clerk of Court is directed to update the docket to reflect this change.

_____
U.S. District Judge Jennifer A. Dorsey
December 18, 2025

---

[24] ECF No. 8 at 6.

[25] Rule 2(c)(2), Rules Governing Section 2254 Cases in the United States District Courts.

[26] *James v. Borg*, 24 F.3d 20, 29 (9th Cir. 1994) (citing *Boehme v. Maxwell*, 423 F.2d 1056 (9th Cir. 1970).